UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAYLEN PINCKNEY and BRENDON WAID,

    Plaintiffs,

v.                                                                                 Case No: 5:24-cv-349-JSM-PRL

SOUTHEAST HOTELS LLC d/b/a KEY WEST RESORT AT LAKE DORA,

    Defendant.

## ORDER

THIS CAUSE comes before the Court on Plaintiffs' Motion for Attorney's Fees and Costs (Dkt. 24). For the reasons below, the Court will grant the motion in part and award fees in the amount of $14,250.00 and costs in the amount of $460.00.

## BACKGROUND

This is a 42 U.S.C §1981 claim arising out of racial discrimination. Defendant failed to appear in this case and the Clerk entered a Default.

On February 20, 2025, an evidentiary hearing was conducted on Plaintiffs' motion for default judgment and judgment. The Court granted the motion to the extent that each Plaintiff was entitled to $40,000 as compensatory damages and $10,000 as punitive damages. Final Judgment was entered as to each Plaintiff and against Defendant in the amount of $50,000.00. The Court provided Plaintiffs twenty days to file a motion for attorney's fees and costs.

Plaintiffs timely filed their motion for fees and costs. They seek fees under 29 U.S.C., Section 216(b) and Federal Rule of Civil Procedure 54(d)(2). They request an award of reasonable attorney and paralegal fees of $20,000.00 and taxable costs of $460.00. The motion includes Plaintiff's counsel's Affidavit. The Court concludes that the fees should be reduced as discussed below.

## **STANDARD OF REVIEW**

Calculating an appropriate fee award under federal law involves a two-step process. *See Norman v. Hous. Auth. of City of Montgomery,* 836 F.2d 1292, 1299–1302 (11th Cir. 1988). The court first calculates the "lodestar" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. *See id.* The court may then adjust the lodestar upward or downward based on an evaluation of the factors articulated in *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983), that have not been subsumed in the lodestar calculation. *See id.; see also Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974) (enumerating factors to be considered).[1]

The twelve factors to be considered in determining the reasonableness of attorney's fees are: (1) the time and labored required; (2) the novelty and difficulty of the question involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances;

---

[1] The Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981. *See Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

(8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson,* 488 F.2d at 717–19.

"Ultimately, the computation of a fee award is necessarily an exercise of judgment[ ] because there is no precise rule or formula for making these determinations." *Villano v. City of Boynton Beach,* 254 F.3d 1302, 1305 (11th Cir. 2001). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Webb v. Dyer County Bd. of Educ.,* 471 U.S. 234, 242 (1985); *ACLU v. Barnes,* 168 F.3d 423, 427 (11th Cir. 1999). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and support the number of hours worked and the rate sought. *See Hensley,* 461 U.S. at 433. Courts may exclude hours that they determine are "excessive, redundant or otherwise unnecessary." *Norman*, 836 F.2d at 1301.

## DISCUSSION

As stated above, Plaintiffs prevailed in this action and each Plaintiff obtained a judgment in the amount of $50,000. "In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser.... Congress, however, has authorized the award for attorney's fees to the 'prevailing party' in numerous statutes" including § 1988(b), which is applicable to Plaintiffs' race discrimination claims under Section 1981. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001). So, the only remaining issue is determining

whether the requested fees in the amount of $20,000 and costs in the amount of $460 are reasonable.

While the Court will not reduce Plaintiff's counsel's hourly rate of $500 per hour, the Court does reduce his hours from 35 hours to 26 hours, which is more reasonable in light of the fact that Defendant never appeared in this case and no discovery was taken. The paralegal's hourly rate will be reduced to $125 per hour, which is consistent with a paralegal's hourly rate in this district. The Court will award the paralegal's ten hours of work. So, with these reductions, the total attorney's fees are $14,250. The Court also grants the requested costs of $460.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiffs' Motion for Attorney's Fees and Costs (Dkt. 24) is granted in part.

2. Plaintiffs are awarded attorney's fees of $14,250.00 and costs of $460.00.

3. The Clerk of Court is directed to enter a judgment in the total amount of $14,710.00 in favor of Plaintiffs and against Defendant.

4. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Tampa, Florida, this April 9, 2025.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record